UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13-cr-00007-TBR

UNITED STATES OF AMERICA,                                                        PLAINTIFF

v.

FRANCISCO SANTANA, et al.,                                               DEFENDANTS

**Memorandum Opinion & Order**

This matter comes before the Court upon motion by Defendant Francisco Santana, ("Santana"), for a 21-month jail-time credit. [DN 165.] The United States has responded, [DN 166], and Santana has replied. [DNs 167, 168.] This matter is ripe for adjudication and, for the reasons that follow, **IT IS HEREBY ORDERED** that Santana's motion [DN 165] is **DENIED**.

**A. Background**

On January 22, 2014, Santana pleaded guilty to drug charges and was subsequently ordered into confinement for a period of 188 months, which was later reduced to 151 months. [DN 145.] On January 29, 2018, Santana filed the instant motion, asking for a further reduction of 21 months with respect to his sentence. [DN 165.] Therein, Santana alleges that he was placed in an isolation cell at Grayson County Detention Center from December 17, 2012 until September 21, 2014 (21 months), and that he was deprived of all privileges while he was in isolation awaiting sentencing. [*Id.* at 1.] Santana indicates that he was under 24-hour surveillance in a cell with no windows, and that the lack of opportunity to interact with any other people has affected his ability to assimilate into general population post-sentencing. [*Id.* at 2.] At the conclusion of the motion, Santana asks the Court to grant him 21 months' credit for time served. [*Id.* at 3.]

1

## B. Discussion

This Court must deny Santana's motion. The Sixth Circuit Court of Appeals stated succinctly the issue with which this Court now deals:

> [a] defendant is entitled to sentencing credit toward 'the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.' 18 U.S.C. § 3585(b). However, it is the Attorney General, through the Bureau of Prisons, and not the district court, that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing. [*United States v. Wilson*, 503 U.S. 329, 333 (1992)]…A prisoner may seek administrative review of the computation of this credit, *see* 28 U.S.C. § 2241. *See Wilson*, 503 U.S. at 335; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992).

*United States v. Smith*, 145 F.3d 1334 (Table), at *1 (6th Cir. 1998).

The *Smith* case bears a strong resemblance to this case. There, the defendant, Wilmond Smith, filed a motion in district court seeking an 11-month credit towards his 40-month sentence. *Id.* The district court, citing *Wilson*, 503 U.S. at 329, "summarily denied Smith's motion for sentence credit…." *Id.* The Sixth Circuit Court of Appeals affirmed the decision, noting that "Smith ha[d] not shown and d[id] not even claim that he ha[d] pursued his administrative remedies with the Bureau of Prisons *as required*." *Id.* (emphasis added). "Therefore," the Sixth Circuit Court of Appeals concluded, "the district court had no jurisdiction over his claim for sentence credit." *Id.* (citing *Wilson*, 503 U.S. at 333; *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993)).

In the instant motion, as noted above, Santana seeks a 21-month credit with respect to his 151-month sentence. However, in the motion, he does not make any references to any actions he may have taken within the Bureau of Prisons, nor does he give any indication that he has sought administrative review of his sentence, or otherwise exhausted those administrative remedies. Santana must seek any such recourse from the Attorney General through the Bureau of Prisons.

If, after exhausting his administrative remedies, Santana is not satisfied with the result, he may "obtain judicial review of that Bureau's determination…." *United States v. Labeille-Soto*, 163 F.2d 93, 99 (2d Cir. 1998) (citations omitted). But until such time as his administrative remedies are exhausted, this Court does not possess jurisdiction over such matters, and must therefore deny the motion.

## C. Conclusion

For the reasons stated in this Memorandum Opinion & Order, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Santana's motion [DN 165] is **DENIED.**

**IT IS SO ORDERED.**

cc: Counsel of Record

Francisco Santana, *pro se*