UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-00007-TBR

UNITED STATES OF AMERICA,                                                         PLAINTIFF

v.

FRANCISCO SANTANA, et al.,                                                     DEFENDANTS

**Memorandum Opinion & Order**

This matter comes before the Court upon motion by Defendant Francisco Santana, ("Santana"), for a 21-month jail-time credit. [DN 170.] The United States has responded, [DN 170], and the time for Santana to reply has passed. This matter is ripe for adjudication and for the reasons that follow, **IT IS HEREBY ORDERED** that Santana's motion [DN 170] is **DENIED**.

### I. Background

On January 22, 2014, Santana pleaded guilty to drug charges and was subsequently ordered into confinement for a period of 188 months, which was later reduced to 151 months. [DN 145.] On January 29, 2018, Santana filed his first motion for hard time credit asking for a further reduction of 21 months with respect to his sentence. [DN 165.] There, Santana alleged that he was placed in an isolation cell at Grayson County Detention Center from December 17, 2012 until September 21, 2014 (21 months), and that he was deprived of all privileges while he was in isolation awaiting sentencing. [*Id.* at 1.] Santana indicates that he was under 24-hour surveillance in a cell with no windows, and that the lack of opportunity to interact with any other people has affected his ability to assimilate into general population post-sentencing. [*Id.* at 2.] The

government opposed that motion. [DN 166.] The Court denied Santana's motion stating he had not shown proof that he had exhausted administrative review of his sentence. [DN 169 at 2.]

Santana has filed a second motion for hard time credit. [DN 170.] He now asks the Court again to grant him 21 months of credit for time served.

## II. Discussion

This Court must again deny Santana's motion. The Sixth Circuit Court of Appeals has addressed the issue with which this Court now deals:

> [a] defendant is entitled to sentencing credit toward 'the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.' 18 U.S.C. § 3585(b). However, it is the Attorney General, through the Bureau of Prisons, and not the district court, that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing. [*United States v. Wilson,* 503 U.S. 329, 333 (1992)]…A prisoner may seek administrative review of the computation of this credit, *see* 28 U.S.C. § 2241. *See Wilson,* 503 U.S. at 335; *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993); *United States v. Dowling,* 962 F.2d 390, 393 (5th Cir. 1992).

*United States v. Smith,* 145 F. 3d 1334, at *1 (6th Cir. 1998).

In *Smith,* Wilmond Smith sought an 11-month credit towards his 40-month sentence. *Id.* This district court denied Smith's motion for credit. *Id.* The Sixth Circuit affirmed stating, "Smith ha[d] not shown and d[id] not even claim the he ha[d] pursued his administrative remedies with the Bureau of Prisons as required." *Id.*

The Court in its last Opinion denied Santana's motion, in part, because he had not indicated that he exhausted his administrative remedies. [DN 189 at 2.] In the present motion, Santana states that he has "petitioned and exhausted all administrative remedies with the US Bureau of Prisons. [DN 170 AT 1.] However, he has not provided any evidence of doing so. The Court cannot accept Santana's statement that he has exhausted all administrative remedies without more proof. Without proof that he has exhausted all administrative remedies, his motion must be denied.

The Court further agrees with the United States that this court does not have jurisdiction to consider this motion. Santana is not attacking his sentence. Rather, he is attacking computation or execution of his sentence. "Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentences are being executed, such as the computation of sentence credits". *Tingle v. Woosley,* 2016 U.S. Dist. LEXIS 145942 *3 (W.D. Ky. Oct. 21, 2016) (citing *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). "For a petition that challenges computation of a sentence, jurisdiction is proper only in the district of confinement." *Childress v. Coakley,* 2015 U.S. Dist. LEXIS 109597 *10 (N.D. Ohio July 16, 2015) (citing *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004).

Here, Santana is located at the Federal Prison Camp in Millington, Tennessee. This Court does not have jurisdiction over Santana and therefore does not have jurisdiction over this motion.

Mr. Santana further asks this Court to grant him credit "due to isolation violating his constitutional rights against cruel and unusual punishment. The Court need not address whether Santana's confinement was violative because this Court cannot grant Santana the relief he seeks.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED THAT:**

1.) Santana's Motion for Hard Time Credit [DN 170] is **DENIED.**

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

October 17, 2019

cc: Counsel/pro se def.